IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE O. GRANTHAM,

   Petitioner,

v.

   Criminal Action No. 5:10-cr-37
   Civil Action No. 5:13-cv-104
   (Judge Stamp)

UNITED STATES OF AMERICA,

   Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On August 9, 2013, the *pro se* petitioner, Dwayne O. Grantham, an inmate incarcerated at McCreary USP in Pine Knot, Kentucky, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. ("Petition" or "Motion"). (Civil Action No. 5:13-cv-104, ECF No. 1; Criminal Action No. 5:10-cr-37, ECF No. 79 ("Mot.").) The Clerk of Court issued a Notice of Deficient Pleading, advising petitioner to re-file his motion on a court-approved form by August 30, 2013. (Criminal Action No. 5:10-cr-37, ECF No. 79). Petitioner filed his court-approved form petition on August 19, 2013, alleging that his sentence is unconstitutional in light of the recent Supreme Court decision in ***Alleyne v. United States***, which held that "facts that increase mandatory minimum sentences must be submitted to the jury" and thus proven beyond a reasonable doubt. 133 S.Ct. 2151, 2164 (June 17, 2013). (Civil Action No. 5:13-cv-104, ECF No. 4; Criminal Action No. 5:10-cr-37, ECF No. 86).

This matter, which is pending before the undersigned United States Magistrate Judge for initial review and Report and Recommendation pursuant to LR PL P 2, is ripe for review.

## II. Facts

### A. Conviction and Sentence

On December 16, 2010, Petitioner signed a plea agreement in which he agreed to plead guilty to Count One (1) of the Indictment, charging him with knowingly possessing in and affecting commerce, the following firearm and ammunition: a Charter Arms .38 caliber Off Duty Special, Serial Number 1055991 and four (4) rounds of hollow point Hornady .38 caliber ammunition which had been previously shipped in interstate commerce in violation of Title 18, United State Code, §§922(g)(1) and 924(a)(2). (Criminal Action No. 5:10-cr-37, ECF No. 48).

In paragraph two (2) of the plea agreement, the Defendant waived his right to have sentencing determinations made by a jury. (*Id.* at 2). Additionally, the petitioner waived his right to appeal and to collaterally attack any sentence of forty-six (46) months or less. (*Id.* at 4). On December 16, 2010, the petitioner entered his plea in open court. (Doc. No. 46).

On April 11, 2011, the Court sentenced the petitioner to 51 months imprisonment and a term of supervised release of three (3) years. (Doc. No. 67).

### B. Appeal

On April 18, 2011, the Defendant filed a Notice of Appeal. (Doc. No. 70). Defendant appealed the District Judge's imposition of a four level enhancement for use or possession of a firearm in connection with another felony. (*Id.*). On November 1, 2011, the Fourth Circuit affirmed District Judge Stamp's imposition of the four level enhancement stating that the enhancement was warranted. ***United States v. Dwayne O. Grantham***, 452 Fed. Appx. 237 (C.A.4 W.Va.); Doc. No. 75, 76.

### C. Federal Habeas Corpus

Petitioner raises only one (1) ground in his Motion. He asserts that the District Judge's imposition at sentencing of a four level enhancement for use or possession of firearm in connection with another felony offense is unconstitutional in light of the recent Supreme Court decision in *Alleyne v. United States*, 133 S.Ct. 2151, 2155 (2013). (Civil Action No. 5:13-cv-104, ECF No. 4; Criminal Action No. 5:10-cr-37, ECF No. 86). Morever, he argues that *Alleyne* announced a new substantive rule and thus should be retroactively applied on collateral review under § 2255. (*Id.* at 23).

In his Memorandum of Law attached to the Motion, Petitioner asserts, in accordance with *Alleyne,* that the sentencing court should not have used a "preponderance of the evidence" standard to determine that Petitioner possessed vamp (fake crack) at the time of the arrest for his felon in possession of a firearm charge. *(Id.* at 19). Petitioner alleges that in order to apply the four level enhancement under U.S.S.G.S. 2k2.1(b)(6), the sentencing court had to make a determination as to whether Petitioner was committing another felony (i.e., possession with intent to distribute fake crack cocaine) at the time of the arrest. (*Id.* at 21). Defendant only plead guilty to felon in possession of a firearm, not possession with intent to distribute fake crack cocaine. Petitioner argues that his sentencing range should have been 30 to 37 months, but instead the "Judge imposed a 51 to 63 month sentencing range upon the preponderance of the evidence, by adding an increase under U.S.S.G.S. 2k2.1(b)(6)." (*Id.*). Petitioner concludes that the *Alleyne* case "moves the decision from judge to jury and changes the burden of persuasion" and because the sentencing judge based the four level enhancement on the preponderance of the evidence standard, his Sixth Amendment rights were violated. (*Id.*).

In addition, the petitioner asserts that because he has filed this Motion to Vacate within one year of the *Alleyne* decision, it is timely under 2255(f)(3). As relief, he requests that his sentence be vacated and he be re-sentenced without the four level enhancement.

D. **Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied as untimely and dismissed from the Court's docket.

### III. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. §2255.[1]

> The limitation period shall run from the last of:
> 1. The date on which the judgment of conviction becomes final;
>
> 2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or
>
> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. *Aikens v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. *Dodd v. United States*, 545 U.S. 353 (2005).

There are two recognized exceptions to this general rule which apply when a federal prisoner seeks direct review of his conviction or sentence. First, if following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court denies certiorari or issues a decision on the merits. *See Washington v. United States*, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

The undersigned recognizes that pursuant to *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) and *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to the petitioner that the Court intends to dismiss the motion as being untimely unless the petitioner can demonstrate that the motion is timely. However, "*Hill* leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." *Sosa*, *supra* at 511. Here, because the ground Petitioner raises in support of his Motion is without merit,[3] the undersigned has proceeded to consider whether the motion is timely without providing the petitioner the opportunity to explain the timeliness of his petition.

In the instant case, the §2255 motion is untimely under subsection 1. Petitioner was sentenced and judgment was entered on April 12, 2011. (Criminal Action No. 5:10-

---

[3] Pursuant to his plea agreement and the entry of his plea in a Rule 11 hearing, Petitioner did not waive his right to file a §2255 motion because his sentence was over 46 months. However, Petitioner did waive his right to have a sentencing determination made by a jury, which is the focus of the ***Alleyne*** decision**.** Moreover, the *Alleyne* case has not been applied retroactively.

5

cr-37, ECF No. 67). Petitioner filed a direct appeal. (Doc. No. 70). On November 1, 2011, the Fourth Circuit Court of Appeals affirmed the District Court's decision. (Doc. No. 75, 76). Petitioner did not file a writ of certiorari with the U.S. Supreme Court so the conviction became final on the date on which Petitioner's time for filing such a petition expired, which was January 30, 2012 or ninety days after entry of the judgment on his direct appeal. Therefore, under AEDPA, Petitioner had until January 30, 2012 to timely file a § 2255 motion. Petitioner did not file his petition until August 9, 2013, over one year, and six months after the statute of limitations had already expired.

Petitioner does not allege the Government created an impediment to his filing a timely §2255 motion or that his motion is based on new facts; therefore, subsections 2 and 4 are not applicable to this case.

However, Petitioner does allege that his Motion to Vacate is timely under § 2255(f)(3) because it was filed within one year of the *Alleyne* decision, which was decided on June 17, 2013.

The Court finds that 28 U.S.C. §2255(f) subsection (3) does not apply because ***United States v. Alleyne*** is not retroactively applicable to cases on collateral review. 133 S.Ct. 2151 (2013). Pursuant to § 2255(f)(3), the limitation period for which a petitioner to file their § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Alleyne* held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. In the *Alleyne* opinion, the Supreme Court did not declare this new rule to be

retroactive on collateral attack. 133 S.Ct. 2151 (2013); *see also Simpson v. United States,* No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013)(finding that *Alleyne* does not apply retroactively). In addition to the Seventh Circuit, a number of district courts in this circuit and across the country have determined that *Alleyne* should not be applied retroactively for the purposes of collateral attack. *See e.g., Williams v. United States,* No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); *Smith v. Holland*, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); *Smith v. Federal Bureau of Prisons,* No. 9:13–384–RMG, 2013 WL 833050 (D.S.C. July 23, 2013).

Additionally, *Alleyne* expanded upon the holding in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000), which found that facts increasing the statutory *maximum* must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. at 490 (emphasis added). According to the Seventh Circuit, the "Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive." *Simpson*, 2013 WL 3455876, at *1 (*citing Schriro v. Summerlin,* 542 U.S. 348, 124 S.Ct. 2519 (2004)).

This case differs from *Alleyne* in two ways. First, the Petitioner voluntarily signed a plea agreement and had a plea hearing where he waived his right to have sentencing determinations made by a jury.[4] (*See* Plea Agreement, Doc. 48, ¶2). In *Alleyne*, the defendant had actually been convicted at trial by a jury prior to being sentenced and made no such waiver. *Alleyne,* 133 S.Ct. at 2155-56. Second, there was

---

[4] Although Petitioner waived his right to a sentencing determination by jury, this court does not address the issue of whether *Alleyne* has changed the standard of review for sentencing judges considering enhancements in the context of a plea agreement.

7

no count of conviction in Mr. Grantham's case that carried a "mandatory minimum sentence."

Thus, even if Petitioner were entitled to collateral review of his *Alleyne* claim, he waived the core right associated with *Alleyne*, that a jury make sentencing determinations beyond a reasonable doubt, by signing the plea agreement containing the waiver. In addition, Mr. Grantham's conviction did not carry a mandatory minimum sentence.

## V. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** Petitioner's §2255 motion as untimely and **DISMISSING** this action from the Court's docket.

**Within fourteen days (14)** after being served with a copy of this Recommendation with the Clerk of the Court, any party may file written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. §636(b)(1); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and

Recommendation to the *pro se* petitioner via certified mail, return receipt requested, at his last known address as reflected on the docket.

Dated: September 16, 2013

/s/ David J. Joel<br>
DAVID J. JOEL<br>
UNITED STATES MAGISTRATE JUDGE