IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DWAYNE O. GRANTHAM,

       Petitioner,

v.                                      Civil Action No. 5:13CV104
                                          (Criminal Action No. 5:10CR37)
UNITED STATES OF AMERICA,                        (STAMP)

       Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

I.  <u>Background</u>

On December 16, 2010, the <u>pro se</u>[1] petitioner, Dwayne O. Grantham, signed a plea agreement in which he pled guilty to knowingly possessing in and affecting commerce a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Within this plea agreement, the petitioner waived his right to have sentencing determinations made by a jury and waived his right to appeal and to collaterally attack any sentence of 46 months or less. This Court, thereafter, sentenced the petitioner to 51 months imprisonment and a three year term of supervised release. The petitioner then filed an appeal of his sentence, wherein, he appealed this Court's imposition of a four level enhancement for the use or possession of a firearm in connection with another

---

[1] "<u>Pro se</u>" describes a person who represents himself in a court proceeding without the assistance of a lawyer. <u>Black's Law Dictionary</u> 1341 (9th ed. 2009).

felony. The United States Court of Appeals for the Fourth Circuit affirmed this Court's imposition of the four level enhancement, stating that it was warranted.

On August 9, 2013, the petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In this motion, the petitioner argues that his sentence is unconstitutional in light of the United States Supreme Court's decision in Alleyne, v. United States, 133 S. Ct. 2151 (2013). Further, he states that Alleyne announced a new substantive rule and should be retroactively applied on collateral review under § 2255.

This matter was referred to United States Magistrate Judge David J. Joel for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge entered a report and recommendation recommending that the petitioner's § 2255 petition be denied and dismissed with prejudice. Specifically, the magistrate judge found that the petitioner's motion should be denied as untimely. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(c), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner then filed objections to the report and recommendation. For the reasons set forth below, this Court finds that the report and

recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2255 petition must be denied and dismissed with prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." 28 U.S.C. § 636(b)(1)(A). Because the petitioner has filed timely objections, this Court will undertake a <u>de novo</u> review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996 imposes is a one-year limitation period within which any federal habeas corpus motion must be filed:

The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

>retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The limitation period begins "running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Applying such rule to the instant case, the magistrate judge found that the petitioner filed out of time and was not entitled to equitable tolling. This Court sentenced the petitioner on April 12, 2011. On November 1, 2011, the Fourth Circuit affirmed this Court's decision, which provided the petitioner with 90 days, or until January 30, 2012, to file a writ of certiorari with the Supreme Court. The petitioner failed to file any such writ. Thus, according to the AEDPA, the statute of limitations to file a § 2255 motion started to run on January 30, 2012. The petitioner did not file this § 2255 motion until August 9, 2013. This is well over one year from the date on which the statute started to run. Accordingly, the petitioner's motion is untimely, as it was filed after the statute of limitations period expired.

The petitioner does not object to any of the above findings concerning the dates involved in the petitioner's filings and this

4

Court finds no clear error with such findings. The petitioner, instead, argues that the magistrate judge is incorrect in finding that the Supreme Court's decision in Alleyne is not retroactive. The petitioner argues that Alleyne is a watershed rule of criminal procedure, which allows such rule to retroactively apply to cases on collateral review, thus, invoking the statute of limitations provision of § 2255(f)(3). Section 2255(f)(3) provides the petitioner with one year to file a motion under § 2255 from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Thus, petitioner argues he had one year from the date of the Supreme Court's decision in Alleyne to file his § 2255 motion. This Court, however, agrees with the magistrate judge's finding that Alleyne is not to be applied retroactively.

In Alleyne, a defendant was convicted by a jury of using or carrying a firearm in relation to a crime of violence under § 924(c)(1)(A). At sentencing, the district judge determined that the defendant had brandished the firearm and sentenced the defendant to a seven year sentence based upon a mandatory minimum in accordance with the brandishing finding. 133 S. Ct. at 2151. The United States Supreme Court held that the brandishing determination by the sentencing judge was improper because any factual issue triggering a statutory mandatory minimum sentence

5

must be submitted to a jury, rather than determined by a judge at sentencing, because "the core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to a jury." Id. at 2162. This holding extended the Supreme Court's prior holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), wherein the Supreme Court found that any fact which increased the statutory maximum penalty for a crime as applicable to a specific defendant must be submitted to and decided by a jury. According to the Seventh and Tenth Circuits, because Alleyne is merely an extension of Apprendi, and the Supreme Court has decided that other rules based on Apprendi do not apply retroactively on collateral review, this implies that Alleyne is also not to be retroactively applied. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); In re Payne, 733 F.3d 1027, 1030 (10th Cir. 2013). This Court agrees with such reasoning, and finds that such rule should not be applied retroactively on collateral review, as it is not a watershed rule of criminal procedure, as described in O'Dell v. Netherland, 521 U.S. 151 (1997). Further, this decision is in line with numerous other courts that have also found that Alleyne should not be retroactively applied because it is a mere extension of Apprendi. See United States v. Reyes, No. 2:11cv6234, 2013 WL 4042508 (E.D. Pa. Aug. 8, 2013); United States v. Eziolisa, No. 3:10cr39, 2013 WL 3812087 (S.D. Ohio July 22, 2013); United States v. Stanley, No.

6

09-0022, 2013 WL 3752126 (N.D. Okla. July 16, 2013); Affolter v. United States, No. 13-14313, 2013 WL 3884176 (E.D. Mo. July 26, 2013).

After determining that Alleyne was not to be applied retroactively, the magistrate judge stated that even if it was, the petitioner had waived the core right associated with Alleyne. Specifically, he waived the right for a jury to make sentencing determinations beyond a reasonable doubt by signing the plea agreement containing such waiver. The petitioner objects to this finding, arguing that because he did not plead guilty to the underlying felony and the possible enhancement was not included in his plea agreement, he did not know of such enhancement and could not "defend against a crime he was never charged with nor knew existed." After reviewing the petitioner's plea agreement, however, this Court finds that the petitioner did in fact waive the right for a jury to make sentencing determinations based on an application of the guidelines. ECF No. 48 *2. As the magistrate judge indicated, this Court is not addressing at this time whether Alleyne has changed the standard of review for sentencing judges considering enhancements in the context of a plea agreement, as such a determination is not necessary to resolve this matter. This Court is, instead, only pointing out the distinguishing factors between the petitioner's case and that of the defendant in Alleyne.

Lastly, the magistrate judge briefly noted that <u>Alleyne</u> should also be found to be inapplicable to the petitioner's case because the petitioner's conviction did not carry a mandatory minimum sentence. The petitioner objects to this finding, stating that his guideline offense level increased, which increased his target sentencing range. He argues that the minimum sentence allowed under the guidelines increased from 30 months to 51 months of imprisonment. The guidelines, however, do not establish mandatory minimum sentences. <u>See</u> <u>United States v. Booker</u>, 543 U.S. 229 (2005). Thus, while the petitioner's guideline range was altered by the complained of enhancement, such enhancement did not require this Court to impose any mandatory minimum sentence like that required in <u>Alleyne</u>. Accordingly, petitioner's objection is without merit.

## IV.  <u>Conclusion</u>

For the reasons stated above, based upon a <u>de novo</u> review, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety and the petitioner's objections are OVERRULED. Accordingly, the petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED and it is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court. Further, in light of the above-stated ruling on

petitioner's § 2255 petition, the petitioner's pending motion for leave to proceed in forma pauperis is DENIED AS MOOT.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   January 27, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE